UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TODD HAKIMI,<br><br>                              Plaintiff,<br><br>                    -v-<br><br>NANTAHALA CAPITAL MANAGEMENT, LLC,<br>NANTAHALA CAPITAL GP, LLC,<br>WILMOT B. HARKEY, DANIEL J.  MACK,<br>NANTAHALA CAPITAL PARTNERS II LIMITED<br>PARTNERSHIP,<br>NANTAHALA CAPITAL PARTNERS LIMITED<br>PARTNERSHIP, and<br>NANTAHALA CAPITAL PARTNERS SI, LP,<br><br>                              Defendants,<br><br>and<br><br>PAIN THERAPEUTICS, INC.,<br><br>                              Nominal Defendant. | 16 Civ. 1748<br><br>(*Jury Trial Demanded*)<br><br><br>COMPLAINT |

Plaintiff Todd Hakimi ("Hakimi"), by his undersigned attorneys, alleges upon

information and belief as to all paragraphs except paragraph 3, as follows:

**Nature of the Action**

1.     This is an action to obtain disgorgement of "short-swing" profits obtained by

Defendants from purchases and sales of common stock of Nominal Defendant Pain Therapeutics,

Inc. in violation of Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"),

15 U.S.C. § 78p ("§16(b) or Section 16(b)").

2.      Section 16(b) provides that if a person, while beneficially owning more than 10% of a class of equity securities of an issuer, purchases and sells, or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

<u>**The Parties**</u>

3.      Plaintiff Hakimi is a New York resident who is the owner of common stock of Pain Therapeutics, Inc. ("Pain" or the "Company").

4.      Defendant Nantahala Capital Management, LLC ("Nantahala Capital") is a Massachusetts limited liability company with its principal place of business at 19 Old Kings Highway S, Suite 200, Darien, Connecticut 06820.  Nantahala Capital serves as the investment manager to privately placed investment funds, including Defendant  limited partnerships, Nantahala Capital Partners II Limited Partnership ("Nantahala Partners II"), Nantahala Capital Partners Limited Partnership ("Nantahala Partners"), and Nantahala Capital Partners SI, LP ("Nantahala Partners SI").

5.      Nantahala Capital also serves as the general partner of Nantahala Partners II, and Nantahala Partners.

6.      Defendant Nantahala Capital GP, LLC ("Nantahala GP") is a Delaware limited liability company with its principal place of business at 19 Old Kings Highway S, Suite 200, Darien, Connecticut 06820.  Nantahala GP serves as the general partner of Nantahala Partners SI.

7. Defendants Wilmot B. Harkey ("Harkey") and Daniel J. Mack ("Mack") are Managing Directors of Nantahala Capital, Managing Members of Nantahala GP, and maintain offices at 119 Old Kings Highway S, Suite 200, Darien, Connecticut 06820.

8. Defendants Nantahala Partners II and Nantahala Partners SI are Delaware limited partnerships, and Nantahala Partners is a Massachusetts limited partnership (collectively, the "Nantahala Funds). The Nantahala Funds all maintain offices at 19 Old Kings Highway S, Suite 200, Darien, Connecticut 068202.

9. Nominal Defendant Pain is a Delaware corporation with its principal place of business at 7801 N. Capital of Texas Highway, Suite 260, Austin, Texas 78731.

## Jurisdiction and Venue

10. Jurisdiction of this Court and venue in this District are proper pursuant to 15 U.S.C. § 78(a)(a) in that Defendants maintain offices or are otherwise found in this District, and certain of the acts underlying this action occurred in this District.

## Section16(b) Group Activity

11. Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for purposes of determining §16(b) liability. Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation. If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner

and is liable to disgorge profits arising from transactions by such group member effected within a six-month period.

12.     Defendants Nantahala Capital, Nantahala GP, Nantahala Partners II, Nantahala Partners, and Nantahala Partners SI constitute a group (the "Nantahala  Group") for purposes of determining beneficial ownership under §§ 13(d)(3) and 16 of the Exchange Act.  At all relevant times, the Nantahala Group was a greater than 10% beneficial owner of the Company's common stock, $0.001 par value (the "Common Stock") and garnered short-swing profits disgorgeable to the Company in the transactions hereinafter set forth.

13.     As all purchases and sales of Common Stock for each of the Nantahala Group members were directed by Harkey and Mack, at all relevant times, a group was formed and operative within the meaning of §13(d)(3) of the Exchange Act, for the purpose of acquiring, holding and disposing of shares of Common Stock.  Other indicia of group membership include the facts that: (i) Harkey and Mack are the sole decision makers for all investments of the Nantahala Group members, (ii) Nantahala Capital is the investment manager for the Nantahala, Funds, (iii) Nantahala Capital serves as the general partner for Nantahala Partners II, and Nantahala Partners, (iv) Nantahala GP serves as the general partner for Nantahala Partners SI, (v) various SEC filings were made collectively on behalf of the Nantahala  Group members and signed by Harkey and Mack, (vi) Defendants operate out of the same office with the same employees, and (vii) Defendants, other than Harkey and Mack, bear the Nantahala name.  These facts demonstrate that the Nantahala Group members agreed to act together for the purposes of trading the Company's Common Stock.

**Defendants' Purchase and Sale Transactions**

14.     In a Schedule 13G filing made on November 10, 2015, the Nantahala Group disclosed beneficial ownership of 4,693,377 shares as of November 10, 2015, representing 10.3% of the Company's outstanding Common Stock, $0.001 par value.

15.     In an Amendment No. 1 to Schedule 13G filing made on February 16, 2016, the Nantahala Group disclosed beneficial ownership of 5,811,557 shares, representing beneficial ownership of 12.7%.  In a Form 13-F filing for the quarter ended March 31, 2016, the Nantahala Capital Group disclosed beneficial ownership of 6,434,498 shares, which together with the Amendment No. 1 to Schedule 13G filing evidenced purchases of at least 1,741,121 shares between November 10, 2015 and March 31, 2016.

16.     In a Form 13-F filing for the quarter ended June 30, 2016, the Nantahala Capital Group disclosed beneficial ownership of 5,735,324 shares, evidencing sales of at least 699,174 shares between March 31, 2016 and June 30, 2016.

17.     Based on these filings, it is clear that the Nantahala Group purchased at least 1,741,121 shares while a greater than 10% beneficial owner between November 10, 2015 and March 31, 2016, and that the Nantahala Group then sold at least 699,174 shares while a greater than 10% beneficial owner between March 31, 2016 and June 30, 2016.

18.     At all relevant times, the Nantahala Group was a greater than 10% beneficial owner based on the outstanding shares of the Company's Common Stock, as reported by the Company.  However, because the Nantahala Group violated its reporting requirements under Section 16(a) of the Exchange Act, it is not possible to precisely determine the short-swing profits that the Nantahala Capital Group garnered in violation of Section 16(b).

19.     Based on our examination of the Nantahala Group's filings, there is no basis for the Nantahala Group to deny the existence of a Section 13(d) group with greater than 10% beneficial ownership, nor alternatively is there any basis on which any of the Nantahala Funds are not liable as a statutory insider.  Based on the share price of the Company's shares during the aforementioned periods, it is all but certain that the Nantahala Group garnered short-swing profits of at least $500,000.

<b><u>AS AND FOR A FIRST CLAIM FOR RELIEF</u></b>

20.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19, *supra*, as if fully set forth herein.

21.     As particularized in paragraphs 14 – 19, *supra*, the Nantahala Group engaged in transactions which yielded short swing profits subject to disgorgement to the Company.

22.     Each of the Defendants has a pecuniary interest in short-swing profits realized by the Nantahala Group and are liable to the extent of their respective pecuniary interests in the transactions to disgorge to the Company their short swing profits.

23.     Plaintiff is unable to precisely ascertain the amount of the disgorgeable profits, but upon information and belief, these profits are $500,000 or greater.

<b><u>ALLEGATIONS AS TO DEMAND</u></b>

24.     On May 19, 2016, due demand was made on the Company to commence this lawsuit.  By letter dated October 18, 2016, the Company advised that it had determined to forego legal action in this matter.

WHEREFORE, plaintiff demands judgment on behalf of Pain Therapeutics, Inc. against Defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

New York, New York
October 21, 2016

Yours, etc.

OSTRAGER CHONG FLAHERTY
  & BROITMAN P.C.

*/s/ Glenn F. Ostrager*
Glenn F. Ostrager [ct29665]
Joshua S. Broitman
Roberto L. Gomez

570 Lexington Avenue
New York, New York 10022
Tel.: (212) 681-0600
E-Mail: gostrager@ocfblaw.com

Paul D. Wexler
Attorney at Law
110 East 59th Street, 23rd Floor
New York, New York 10022
Tel: (212) 317-0777
Fax: (212) 223-4911
pdw@paulwexlerlaw.com

*Attorneys for Plaintiff*